IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN MARIE PALIKAN, | ) CIVIL NO. 21-00171 JAO-RT |
| Plaintiff, | ) |
| | ) FURTHER ORDER TO SHOW CAUSE |
| vs. | ) WHY THIS ACTION SHOULD NOT BE |
| | ) DISMISSED WITHOUT PREJUDICE |
| LONGS DRUGS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**FURTHER ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On April 5, 2021, Plaintiff Dawn Marie Palikan ("Plaintiff") filed a Complaint asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. On April 6, 2021, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to explain, by April 20, 2021, why the case should not be dismissed for lack of jurisdiction; namely, because Plaintiff and a defendant — Cheryl Lynn Justak — shared the same citizenship. ECF No. 11 at 2. The Court also questioned the accuracy of Plaintiff's allegations regarding Defendants Longs Drugs' and CVS Health's citizenships. *Id.* n.1.

On April 16, 2021, Plaintiff filed a First Amended Complaint ("FAC") and a response to the OSC. Plaintiff explained that she eliminated Ms. Justak and she provided information regarding newly added Defendants Longs Drugs Stores

California, LLC and CVS Health Solutions, LLC to address the Court's concerns about the accuracy of prior citizenship allegations regarding Longs Drugs and CVS Health.  ECF No. 14.

On April 20, 2021, the Court issued a Further OSC, explaining that Plaintiff's allegations regarding Defendants Longs Drugs Stores California, LLC's and CVS Health Solutions, LLC's (collectively, "LLC Defendants") citizenships are insufficient.  ECF No. 15 at 3.  The Court informed Plaintiff that because an LLC's citizenship is determined by its *members*, she must identify all of the LLC's *members* and their citizenships.  *Id.*  The Court ordered Plaintiff to provide this information and cautioned that failure to timely or satisfactorily respond would result in the dismissal of the action without prejudice.  *Id.* at 4.

On May 4, 2021, Plaintiff responded to the Further OSC, but failed to provide the requisite information.  ECF Nos. 16–19.  Although the Court recited the governing law regarding the measure of an LLC's citizenship, and expressly distinguished it from that of a corporation, Plaintiff supplied information unrelated to the LLC Defendants' citizenships.[1]  The Court will afford Plaintiff one more opportunity to provide the LLC Defendants' citizenships.  As previously

---

[1] It appears Plaintiff erroneously believes that the LLC Defendants' places of incorporation are their citizenships.  The Court clearly stated otherwise in its Further OSC.  Plaintiff also provided information for Longs Drugs Store California, Inc., who is not a party to this action.

explained, an LLC shares the citizenships of all of its owners/members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 899, 902 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Therefore, to satisfactorily allege jurisdiction, Plaintiff must identify all of the LLC's members and their citizenships. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) (requiring that the citizenship of all members of LLCs and limited partnerships be alleged, including circumstances involving multiple layers of partnerships). And if a member of an LLC is another LLC, Plaintiff must go through as many tiers as necessary to identify every member of every LLC, along with the members' citizenships. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

    Without an affirmation of the LLC Defendants' *citizenships*, the Court is unable to ascertain whether diversity jurisdiction exists. Accordingly, Plaintiff is again ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a

response to this Order to Show Cause by **May 18, 2021**,[2] identifying each of the LLC Defendants' members[3] and providing their citizenships. If any of the members are themselves LLCs and/or unincorporated associations,[4] Plaintiff shall also identify those entities and provide their citizenships.

This is Plaintiff's *final* opportunity to satisfy her burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Failure to timely or satisfactorily respond to this Further Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

---

[2] Plaintiff may not attempt to cure deficiencies by simply filing another amended complaint, as leave must be sought and granted, or written consent obtained from the opposing parties, for any further amendments to the pleadings. *See* Fed. R. Civ. P. 15(a)(2).

[3] Unless an agent, officer, director, or manager are members of an LLC, their identities are irrelevant. An LLC's state of incorporation is likewise irrelevant. If a corporation is a member of an LLC, however, its state of incorporation *and* principal place of business must be provided, as corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson*, 437 F.3d at 899 (citing 28 U.S.C. § 1332(c)(1)).

[4] "[A]n unincorporated association such as a partnership has the citizenships of all of its members." *Johnson*, 437 F.3d at 899 (citation omitted).

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, May 4, 2021.



Jill A. Otake
United States District Judge

CV 21-00171 JAO-RT, *Palikan v. Longs Drugs, et al.*; FURTHER ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE