IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAWN MARIE PALIKAN, | ) | CIVIL NO. 21-00171 JAO-RT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | WITHOUT PREJUDICE |
| vs. | ) | |
| | ) | |
| LONGS DRUGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DISMISSING ACTION WITHOUT PREJUDICE

On April 5, 2021, Plaintiff Dawn Marie Palikan ("Plaintiff") filed a Complaint asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. On April 6, 2021, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to explain, by April 20, 2021, why the case should not be dismissed for lack of jurisdiction; namely, because Plaintiff and a defendant — Cheryl Lynn Justak — shared the same citizenship. ECF No. 11 at 2. The Court also questioned the accuracy of Plaintiff's allegations regarding Defendants Longs Drugs' and CVS Health's citizenships. *Id.* n.1.

On April 16, 2021, Plaintiff filed a First Amended Complaint and a response to the OSC. Plaintiff explained that she eliminated Ms. Justak and she provided information regarding newly added Defendants Longs Drugs Stores California,

LLC and CVS Health Solutions, LLC (collectively, "LLC Defendants") to address the Court's concerns about the accuracy of prior citizenship allegations regarding Longs Drugs and CVS Health.  ECF No. 14.

On April 20, 2021, the Court issued a Further OSC, explaining that Plaintiff's allegations regarding the LLC Defendants' citizenships were insufficient.  ECF No. 15 at 3.  The Court informed Plaintiff that because an LLC's citizenship is determined by its *members*, she must identify all of the LLC's *members* and their citizenships.  *Id.*  The Court ordered Plaintiff to provide this information and cautioned that failure to timely or satisfactorily respond would result in the dismissal of the action without prejudice.  *Id.* at 4.

On May 4, 2021, Plaintiff responded to the Further OSC, but failed to provide the requisite information.  ECF Nos. 16–19.  Although the Court recited the governing law regarding the measure of an LLC's citizenship, and expressly distinguished it from that of a corporation, Plaintiff supplied information unrelated to the LLC Defendants' citizenships, such as a listing of the board of directors and officers.[1]

---

[1] It appears Plaintiff erroneously believes that the LLC Defendants' places of incorporation are their citizenships.  The Court clearly stated otherwise in its Further OSC.  Plaintiff also provided information for Longs Drugs Store California, Inc., who is not a party to this action.

On May 5, 2021, the Court issued another Further OSC, again reiterating the applicable law regarding an LLC's citizenship and explaining that Plaintiff must identify all of the LLC's members and their citizenships, along with necessary sub tiers, to satisfactorily allege jurisdiction. ECF No. 20 at 3. The Court directed Plaintiff to identify each of the LLC Defendants' members and provide their citizenships, and if any members are LLCs and/or unincorporated associations, to identify those entities and provide their citizenships, warning Plaintiff that it was her final opportunity to establish subject matter jurisdiction. *Id.* at 4. The Court cautioned that it would dismiss this action without prejudice if Plaintiff failed to satisfactorily respond. *Id.*

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899

(9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).  By contrast, an LLC shares the citizenships of all of its owners/members.  *See id.* at 902.  If an owner/member is an LLC, its owners/members must also be identified, along with their citizenships.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Diversity jurisdiction generally "depends on the citizenship of the parties at the time suit is filed."  *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).  When a plaintiff files an amended complaint, "courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff filed a response to the Court's most recent Further OSC on May 18, 2021.  ECF No. 23.  Instead of providing the requisite information, she resubmitted information previously deemed irrelevant and/or deficient.  *Compare id. with* ECF Nos. 18–19.  Specifically, Plaintiff continues to treat executives/officers and board members as owners/members but has not demonstrated that they are in fact owners/members of the LLC Defendants.  An individual is not an owner/member

4

of an LLC based solely on employment and/or affiliation. Thus, although Plaintiff provided residential addresses for these individuals, the addresses do not inform the citizenship inquiry if the individuals are not *owners/members*. And in any event, Plaintiff identifies the addresses as places of residency. "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The Court afforded Plaintiff multiple opportunities to assert sufficient jurisdictional allegations, but she has not identified the LLC Defendants' members nor their citizenships. Because Plaintiff has failed to do so even after responding to three OSCs and amending her pleading, further opportunities to provide information would be pointless. Based on the information supplied by Plaintiff, she has not met her burden of establishing that subject matter jurisdiction is proper, and the Court cannot ascertain whether it has subject matter jurisdiction over this action. Accordingly, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 19, 2021.



Jill A. Otake
United States District Judge

CV 21-00171 JAO-RT, *Palikan v. Longs Drugs, et al.*; ORDER DISMISSING ACTION WITHOUT PREJUDICE